## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **BRIAN GLOVER AND PALOMA LOVE,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CASE NO. _____** |
| **vs.** | § | |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA,** | § | |
| | § | |
| **Defendant** | | |

### DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446(a) and Local Rule 81, Defendant Safeco Insurance

Company of Indiana ("Safeco" or "Defendant") files this Notice of Removal, hereby

removing this action from the 199th Judicial District Court of Collin County, Texas to the

United States District Court for the Eastern District of Texas, Sherman Division.

Removal is based on diversity jurisdiction because there is complete diversity between

Plaintiffs Brian Glover and Paloma Love ("Plaintiffs") and Safeco and the amount in

controversy exceeds $75,000.00, exclusive of interest and costs.  In support of its Notice

of Removal, Defendant would respectfully show the Court as follows:

### I.

### INTRODUCTION

This dispute arises from Plaintiffs' claim for hail damage to their home located at

903 Wandering Way Drice, Allen, Texas 75002, (the "Property").  Plaintiffs allege that

Defendant breached a policy of insurance and violated certain provisions of the Texas

Insurance Code and Texas Deceptive Trade Practices Act ("DTPA") by, among other things, failing to pay Plaintiffs' claim for damages resulting from an alleged hailstorm.

On October 2, 2014, Plaintiffs filed their Original Petition in the 199th Judicial District Court of Collin County, Texas.  Safeco was personally served with a citation and a copy of Plaintiffs' Original Petition on October 7, 2014 through its registered agent for service of process.  Defendant timely filed an answer to Plaintiffs' Original Petition.  This Notice of Removal is being filed within thirty (30) days of service of the Petition, and is thus timely filed under 28 U.S.C. §1446(b).

## II.

## BASIS FOR REMOVAL

### A.  DIVERSITY OF CITIZENSHIP

Removal is proper because there is complete diversity between the parties.  *See* 28 U.S.C. § 1332(a).  Plaintiffs Brian Glover and Paloma Love are citizens of Texas.  *See* Plaintiffs' Original Petition ¶3.  Safeco Insurance Company of Indiana is a corporation organized under the laws of the State of Indiana, with its principal place of business in Boston, Massachusetts.

### B.  AMOUNT IN CONTROVERSY

#### 1.  *Standards*

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).  Where the plaintiff has not made a specific monetary demand the defendant has the burden to prove that the amount in controversy exceeds the jurisdictional amount of $75,000.00.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134

F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

Plaintiffs' Original Petition includes causes of action against Safeco for (1) negligence; (2) breach of contract; (3) violations of the Texas Insurance Code, Chapters 542 and 541; (4) violations of the Texas Deceptive Trade Practices Act ("DTPA"); (5) breach of common law of duty and good faith and fair dealing; (6) breach of fiduciary duty; unfair insurance practices; and (7) misrepresentation.  Plaintiffs also claim that because Safeco's alleged violations of the DTPA and Insurance Code were committed knowingly, Plaintiffs are entitled for "additional damages under the DTPA, section 17.50(b)(1).... thus entitled  to the 18% damages allowed by the Texas Insurance Code". *See* Plaintiff's Original Petition, ¶71.

The breadth of Plaintiffs' claims, their allegations regarding the extent of damages to their Property, and the fact that they seek additional damages under the DTPA, section 17.50(b)(1) suggests that Plaintiffs seek to recover more than $75,000.00 from Safeco.

**2.     *Plaintiffs' DTPA Demand***

On August 13 2014, Plaintiffs' counsel sent a DTPA demand to Safeco that removes all doubt regarding the amount controversy in this case.  Plaintiffs' DTPA

demand was for a total amount of $107,194.00   A true and correct copy of Plaintiffs' DTPA demand is attached as **EXHIBIT 1** to the Affidavit of Mark D. Tillman, which is attached to this Notice of Removal as **EXHIBIT A**.   The demand claims that Plaintiffs' actual damages from the storm are $98,694.00 and that they have incurred $8,500.00 in attorney's fees.

### 3.     Plaintiffs' Claim For Attorneys' Fees

If a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy.   *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); *see also* 14A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712, at 176 (2d ed. 1985).

Here, Plaintiffs seek attorneys' fees in connection with their breach of contract action.[1]   Plaintiffs also assert a claim for attorneys' fees for alleged "violations of the Texas Insurance Code."[2]

Removal of this action is therefore proper under 28 U.S.C. § 1441(a).   This is a civil action brought in state court and this Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a).   In addition, Plaintiffs' citizenships are diverse from Defendant.   Finally, taking into account Plaintiffs' claims for actual damages of $98,694.00, and attorneys' fees sought under various statutes, among other damage claims, the amount in controversy clearly exceeds $75,000.00.

---

[1] Plaintiff's Original Petition, ¶72.  *See* TEXAS CIVIL PRACTICE & REMEDIES CODE, §38.001.

[2] Plaintiff's Original Petition, ¶72.  *See* TEXAS INSURANCE CODE, §§541.152 and 542.060.

## III.

## <u>COMPLIANCE WITH PROCEDURAL REQUIREMENTS</u>

As required by Local Rule 81(c)(2), filed concurrently with this Notice of Removal is a completed civil cover sheet.   Additionally, the following exhibits are attached:

- **EXHIBIT  B:**    A  supplemental  civil  case  cover  sheet  containing  the information required by Local Rule 81(c);

- **EXHIBIT C:**      A certified Copy of State Court Docket; and

- **EXHIBITS D-1 through D-2:** a copy of all pleadings that assert causes of action, all answers to such pleadings, and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

Pursuant  to  28  U.S.C.  §  1446(d),  written  notice  of  filing  of  this  Notice  of Removal will be given to all adverse parties promptly after the filing of same.

Pursuant  to  28  U.S.C.  §  1446(d),  a  true  and  correct  copy  of  this  Notice  of Removal will be filed with the District Clerk for the 199th Judicial District Court of Collin County, Texas promptly after filing of same.

## IV.

## <u>CONCLUSION AND PRAYER</u>

Based on the foregoing, Defendant Safeco Insurance Company of Indiana respectfully requests that the above-captioned action now pending in the 199th Judicial District Court of Collin County, Texas be removed to the United States District Court for the Eastern District of Texas, Sherman Division.

Respectfully submitted,

*/s/ Mark D. Tillman*

MARK D. TILLMAN
State Bar No. 00794742
MICHAEL C. DIKSA
State Bar No. 24012531

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: 214.492.5720
Facsimile: 214.492.5721
Email: mark.tillman@tb-llp.com
        mike.diksa@tb-llp.com

**ATTORNEYS FOR DEFENDANT
SAFECO INSURANCE COMPANY OF
INDIANA**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Notice of Removal has been forwarded to Plaintiffs' counsel of record via electronic means and/or facsimile, on the 3rd day of November 2014 in accordance with the Federal Rules Of Civil Procedure

**ATTORNEYS FOR PLAINTIFFS**
Bill L. Voss
Scott Hunziker
Jesse Corona
THE VOSS LAW CENTER
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone:  (713) 861-0015
Facsimile:  (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
jesse@vosslawfirm.com

*/s/ Mark D. Tillman*
MARK D. TILLMAN